IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

TONI BELLAIS and JOSHUA BELLAIS, AS
NATURAL PARENTS AND LEGAL GUARDIANS
OF K.B., A MINOR                                                                                    PLAINTIFFS

V.                                                                   CIVIL ACTION NO.  1:21cv241 TBM-RPM

LAND HOLDINGS I, LLC d/b/a
SCARLET PEARL CASINO RESORT                                                        DEFENDANTS

### NOTICE OF REMOVAL

TO:   THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE
      SOUTHERN DISTRICT OF MISSISSIPPI, SOUTHERN DIVISION

  Connie Ladner, Clerk
  Circuit Court of Harrison County
  P.O. Box 235
  Biloxi, Mississippi 39533

  HARRISON COUNTY CIRCUIT CLERK

  M. SCOTT BISHOP
  MORRIS BART, LTD.
  1712 15th Street, Suite 300
  Gulfport, MS

  ATTORNEY FOR PLAINTIFFS

  PLEASE TAKE NOTICE that Land Holdings I, LLC d/b/a Scarlet Pearl Casino Resort ("Scarlet Pearl"), the only defendant served in the civil action entitled "Toni Bellais and Joshua Bellais, as natural parents and legal guardians of K.B., a minor v. Land Holdings I, LLC d/b/a Scarlet Pearl Casino Resort" (bearing Civil Action No. A2402-2021-040 on the docket of the Circuit Court of Harrison County, Mississippi), has removed said civil action from the Circuit Court of Harrison County, Mississippi, to the United States District Court for the Southern District of Mississippi, Southern Division, by filing this "Notice of Removal."

Pursuant to said removal, and pursuant to Section 1441, *et seq.,* Title 28, United States Code, as amended, the Circuit Court of Harrison County, Mississippi, should proceed no further with this matter.

Scarlet Pearl, appearing specially and for the sole and only purpose of effecting removal to this Court, states the following as grounds for removal:

1. This "Notice of Removal" has been filed within the time period prescribed in 28 U.S.C. § 1446(b). Venue is proper in the Southern District of Mississippi, Southern Division, pursuant to 28 U.S.C. § 1441(a) and § 1446(a).

2. Scarlet Pearl is a defendant in the previously identified civil action now pending in the Circuit Court of Harrison County, Mississippi. Said suit is an action by Plaintiffs to recover damages against Scarlet Pearl. Plaintiffs allege in said suit that, among other things, Scarlet Pearl was negligent by failing to warn Plaintiffs of a purportedly dangerous condition on Scarlet Pearl's premises, and that Scarlet Pearl failed to property train and/or supervise its employees as to said condition. *See* Compl. at ¶ 7, *attached as* Exhibit 1.

3. Plaintiffs initiated their suit on March 3, 2021, which is the date on which Plaintiffs filed the original complaint ("Complaint"). Plaintiffs served Scarlet Pearl with a copy of the Complaint on June 14, 2021. Scarlet Pearl files and presents this "Notice of Removal" within thirty (30) days after receipt by it, through service or otherwise, of a copy of the Complaint, setting forth the claim for relief upon which such action or proceeding is based, as required by Title 28, United States Code, Section 1446, as amended.

4. As required by Title 28, United States Code, Section 1446, as amended, copies of all process, pleadings and orders served upon Scarlet Pearl in this action are attached hereto as Exhibit 2.

5. A district court has subject-matter jurisdiction over cases involving federal law or those where the parties are diverse in citizenship. 28 U.S.C. §§ 1332. In diversity cases, the citizenship of each plaintiff must be diverse from the citizenship of each defendant, and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332. Citizenship of the parties is determined as of the time that the complaint is filed. *Harris v. Black Clawson Co.,* 961 F .2d 54 7, 549 (5th Cir. 1992). Limited liability companies are considered citizens of each state of which its members are citizens. *Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1080 (5th Cir. 2008).

6. Plaintiffs' citizenship is diverse from Scarlet Pearl's citizenship. Plaintiffs represent in their Complaint that they are adult resident citizens of Jackson County, Mississippi. *See* Exhibit 1, at ¶ 1.

7. Scarlet Pearl is a limited liability company organized under the laws of the State of Delaware. Scarlet Pearl's sole member is LH I Holdco, LLC. LH I Holdco, LLC's sole member is Consolidated Investments International, LLC. Consolidated Investments International, LLC's sole member is Robert A. Granieri. At the time of filing of Plaintiffs Complaint and this Notice of Removal, and at all times in between, Robert A. Granieri has been an adult resident citizen of the State of New York. As such, Scarlet Pearl is a citizen of the State of New York for purposes of diversity under § 1332(c)(l).

8. The matter in controversy in said suit is, and at the time of commencement thereof was, and at all times since has been, a controversy between citizens of different states. There is, therefore, complete diversity of citizenship between Plaintiffs and the defendant.

9. Pursuant to 28 U.S.C. § 1446(c)(2)(B), removal is proper on the basis of an amount in controversy if the court finds, by the preponderance of the evidence, that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. If it is facially apparent from the Complaint that the amount in controversy exceeds the jurisdictional minimum, then no strict proof

on the part of the defendant is required. *Gebbia v. Wal-Mart Stores, Inc.,* 233 F.3d 880, 883 (5th Cir. 2000). However, if a plaintiff does not request a specific sum, the "removing defendant must prove by a preponderance of the evidence that the amount in controversy equals or exceeds the jurisdictional amount." *De Aguilar v. Boeing Co.,* 11 F.3d 55, 58 (5th Cir. 1993). "This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or alternatively, (2) the defendant sets forth summary judgment type evidence of facts in controversy that support a finding of the requisite amount." *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002). "[O]nce a defendant is able to show that the amount in controversy exceeds the jurisdictional amount, removal is proper, provided the plaintiff has not shown that it is legally certain that his recovery will not exceed the" jurisdictional threshold. *White v. FCI USA. Inc.,* 319 F.3d 672, 676 (5th Cir. 2003).

10. The amount in controversy requirement is satisfied in this case. First, Plaintiffs' Complaint provides that Plaintiff K.B. sustained "serious injuries to her perineum/groin area" and suffers from "significant emotional injuries." Compl. at ¶¶ 8; 9. The Complaint further provides that Plaintiffs seek to recover the following categories of damages: past and future medical expenses, past and future physical pain and suffering, including loss of enjoyment of life, past and future mental emotional distress, and permanent scarring and disfigurement. *Id.* at ¶ 10. Second, on May 24, 2021, Plaintiffs' counsel sent to Scarlet Pearl a letter containing a $325,000 settlement demand relating to for Plaintiffs' damages. *See* Ltr. from S. Bishop to Scarlet Pearl (May 24, 2021), *attached as* Exhibit 3. A written settlement demand is permissible evidence of the amount in controversy. *See Grayson v. Moncla Well Serv. Inc.*, 844 So. 2d 789, 791-92 (S.D. Miss. 2011). Therefore, it is evident, by a preponderance of the evidence, on the face of the Complaint that Plaintiffs have placed an amount in excess of $75,000, exclusive of interest and costs. at issue as to Scarlet Pearl. *See* 28 U.S.C. § 1446(c)(2).

11. Nothing in this "Notice of Removal" shall be interpreted as a waiver or relinquishment of the Scarlet Pearl's right to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the putative claims; (8) failure to join an indispensable party(ies); or (9) any other pertinent defense available under Miss. R. Civ. P. 12 or Fed. R. Civ. P. 12. any state or federal statute or otherwise. Scarlet Pearl specifically files this notice subject to its answer and defenses to the Complaint.

12. For the foregoing reasons, this court has jurisdiction of the subject matter pursuant to Title 28, United States Code, Section 1332, as amended.

13. Simultaneously with the filing of the "Notice of Removal," Scarlet Pearl has given Plaintiffs, Toni Bellais, Joshua Bellais, and K.B., through counsel, written notice of the removal of this action and is filing a copy of this "Notice of Removal'" with the clerk of the Circuit Court of Harrison County, Mississippi.

Respectfully submitted, this the 14th day of July, 2021.

LAND HOLDINGS I, LLC d/b/a SCARLET PEARL CASINO RESORT, Defendant

By: _____
JONATHAN H. STILL (MSB #104678)

OF COUNSEL:

Michael C. McCabe, Jr.
BUTLER SNOW LLP
1300 Twenty-Fifth Ave., Suite 204 (39501)

P.O. Drawer 4248
Gulfport, MS 39502
Telephone: (228) 864-1170
Facsimile: (228) 868-1531
E-mail: michael.mccabe@butlersnow.com

Jonathan H. Still
BUTLER SNOW LLP
1020 Highland Colony Pkwy., Suite 1400
Ridgeland, MS 39157
Telephone: (601) 948-5711
Facsimile: (601) 985-4500
E-mail: jon.still@butlersnow.com

## CERTIFICATE OF SERVICE

I, Jonathan H. Still, attorney for Land Holdings I, LLC d/b/a Scarlet Pearl Casino Resort, defendant herein, certify that I have this day caused to be served, by First Class United States Mail, postage prepaid, a true and correct copy of the above and foregoing document upon the following:

Connie Ladner, Clerk
Circuit Court of Harrison County
P.O. Box 235
Biloxi, Mississippi 39533

HARRISON COUNTY CIRCUIT CLERK

M. Scott Bishop
MORRIS BART, LTD.
1712 15th Street, Suite 300
Gulfport, MS

ATTORNEY FOR PLAINTIFFS

SO CERTIFIED, this the 14th day of July, 2021.

_____
JONATHAN H. STILL

60191918.v2